IN THE SUPREME COURT OF THE STATE OF DELAWARE

FREDERICK W. SMITH, JR.,           §
                                   § No. 147, 2023
    Defendant Below,           §
    Appellant,                 § Court Below—Superior Court
                                   § of the State of Delaware
    v.                         §
                                   § Crim. ID No. 93007368DI (N)
STATE OF DELAWARE,                 §
                                   §
    Appellee.                  §

Submitted: May 11, 2023
Decided:   June 13, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

(1)    The appellant, Frederick W. Smith, Jr., filed this appeal from the Superior Court's order, dated April 21, 2023, denying his motion for correction of an illegal sentence. The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Smith's opening brief that his appeal is without merit. We agree and affirm.

(2)    In 1993, a Superior Court jury convicted Smith of two counts of second-degree unlawful sexual intercourse, third-degree unlawful sexual penetration, and third-degree assault. In January 1994, the Superior Court sentenced him to a total

of thirty-six years in prison, suspended after thirty-two years for probation. This Court affirmed on direct appeal.[1]

(3) Shortly after his release from prison on probation and conditional release, Smith was charged with a violation of probation ("VOP") and conditional release. At a hearing on March 17, 2021, the Superior Court found that Smith had violated his probation and conditional release and deferred sentencing, ordering that Smith first undergo a presentencing psychiatric evaluation. On August 31, 2021, the Superior Court discharged Smith's conditional release and sentenced him on the VOP to four years of imprisonment, suspended for two years of Level III probation with GPS monitoring (the "First VOP Sentence"). The First VOP Sentence also provided that Smith was required to complete sex offender treatment while on Level III probation and expressed "zero tolerance" for failure to do so.

(4) On October 7, 2021, a probation officer filed an administrative warrant alleging that Smith was in violation of probation because, among other alleged violations, he refused to sign documents allowing a counselor to begin the assessment for sex offender treatment. At a hearing on November 3, 2021, the Superior Court found that Smith had violated his probation. The court sentenced him to four years of imprisonment, suspended after eleven months and successful completion of the Transitions Sex Offender program for six months of Level III

---

[1] *Smith v. State*, 669 A.2d 1 (Del. 1995).

probation (the "Second VOP Sentence" and, together with the First VOP Sentence, the "2021 VOPs").

(5) Smith did not appeal from the Second VOP Sentence. On January 13, 2022, he filed a motion for correction of illegal sentence, in which he asserted that the Second VOP Sentence was illegal because the probation officer made false allegations regarding his refusal to sign the sex offender assessment paperwork and the other alleged violations. He filed an amendment to the motion on February 4, 2022, in which he contended that the VOP sentence was illegal because the court could impose no more than thirty days of incarceration for Smith's "alleged petty violation of probation." The Superior Court denied the motion. Smith appealed to this Court, and this Court affirmed.[2]

(6) Smith then filed a second motion for correction of illegal sentence, in which he argued that the First VOP Sentence was illegal because it required him to complete sex offender treatment while on Level III probation, a condition that was not included in the original, 1994 sentence. The Superior Court denied the motion, and Smith has appealed to this Court.

(7) We review the denial of a motion for correction of sentence for abuse of discretion.[3] To the extent the claim involves a question of law, we review the

---

[2] *Smith v. State*, 2022 WL 2715728 (Del. July 12, 2022).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

3

claim *de novo*.[4]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(8)     We affirm the Superior Court's denial of Smith's motion.  The First VOP Sentence is not illegal because it added a special condition requiring Smith to participate in sex offender treatment while on probation.  When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[6]  The Superior Court's decision to impose a period of incarceration within the balance of Level V time remaining and to suspend that period for probation, conditioned upon completion of a treatment program while on probation, did not make the sentence illegal.

(9)     Based on Smith's excessive, repetitious, frivolous, and meritless filings over the years, in three earlier orders this Court has directed the Clerk of this Court to refuse any filings from Smith related to his 1993 convictions unless he filed a complete motion to proceed *in forma pauperis* with a sworn affidavit containing the

---

[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[6] 11 *Del. C.* § 4334(c).

certifications required by 10 *Del. C.* § 8803(e) and that motion was first granted by this Court.[7]  This Court has accepted filings and allowed Smith to proceed *in forma pauperis* in several appeals relating to the 2021 VOPs because the appeals related to new proceedings or sentence orders.[8]  The Court also has reminded Smith that the previously imposed limitations on his filings remain in place.[9]  The 2021 VOPs are no longer new, and the Court has reviewed decisions relating to the adjudications and the sentences, to the extent that Smith has filed timely appeals from such decisions.  The Court will not allow Smith to proceed *in forma pauperis* as to any further frivolous and meritless filings relating to the 2021 VOPs.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.  The Clerk of the Court is directed to refuse any filing from Smith, including any filing relating to the 2021 VOPS, unless the filing is accompanied by the required filing fee or the filing is accompanied by a completed motion to proceed in forma pauperis, with an

---

[7] *Smith v. State*, 325, 2017 (Del. Sept. 26, 2017); *In re Smith*, 229, 2014 (Del. May 29, 2014); *Smith v. State*, 259, 2009 (Del. Sept. 10, 2009).

[8] *See Smith v. State*, 369, 2022 (Del. Nov. 15, 2022) (granting motion to proceed *in forma pauperis* in appeal from denial of motion to correct purported clerical mistake in VOP sentence order); *Smith v. Mears*, 232, 2022 (Del. July 19, 2022) (granting motion to proceed *in forma pauperis* in appeal from denial of petition for a writ of habeas corpus); *Smith v. State*, 76, 2022 (Del. Mar. 28, 2022) (granting motion to proceed *in forma pauperis* because the appeal from denial of a motion for correction of illegal sentence related to a new sentence, the VOP sentence imposed on November 3, 2021); *Smith v. State*, 285, 2021 (Del. Sept. 24, 2021) (granting motion to proceed *in forma pauperis* in appeal from denial of petition for a writ of habeas corpus)

[9] *Smith v. State*, 76, 2022 (Del. Mar. 28, 2022); *Smith v. State*, 285, 2021 (Del. Sept. 24, 2021).

affidavit containing the 10 Del. C. § 8803(e) certifications, and that motion is first granted by the Court.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice